UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LERON ANTHONY ROSS, Sr.,       )
                               )
            Plaintiff,         )
                               )
      v.                       )          CAUSE NO. 3:04-CV-0550 AS
                               )
MARK SWISTEK, *et al.*,        )
                               )
            Defendants.        )

*OPINION AND ORDER*

On August 23, 2004, LeRon Ross, a prisoner currently committed to the Indiana Department of Correction, filed a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was confined at the LaPorte County Jail. This court screened the complaint and ordered that it be filed and that the defendants be served.

Defendant Atley Price moved to dismiss the complaint based on immunities and on the statute of limitations. On March 11, 2005, the court granted defendant Price's motion to dismiss. The remaining defendants filed a motion for judgment on the pleadings directed at the statute of limitations. The court granted the motion for judgment on the pleadings and judgement was entered in this case on July 11, 2005.

On August 22, 2005, Mr. Ross filed a "motion of reconsideration," which is apparently directed at the judgment. Where a party has filed a notice of appeal, a district court may deny, but not grant his motion for relief from judgment. *United States v. Cronic*, 466 U.S. 648, 667 n. 42 (1984). "*Cronic* involved a motion for a new trial under Fed. R. Crim. P. 33, but the principle is general. A district court disposed to alter the judgment from which an appeal has been taken must

alert the court of appeals, which may elect to remand the case for that purpose. The district court may not alter the judgment unless the court of appeals grants leave." *Kusay v. United States*, 62 F.3d 192, 195 (7th Cir. 1995)(citations omitted).

Mr. Ross alleges that the defendants caused him to be assaulted by other inmates at the LaPorte County Jail. In his original complaint, he alleged that these events occurred in 2003, and that he was attacked at the jail in February 2003. Because the court received Mr. Ross's complaint in August 2004, he appeared to be clearly within the applicable two-year statute of limitations. Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983").

On January 4, 2005, the court granted Mr. Ross leave to amend his complaint by interlineation, allowing "him to substitute the date 1-28-02 for 1-28-03 and to substitute the date 2-14-02 for 2-14-03." After amendment, the complaint appeared to establish that the operable events occurred more than two years before the complaint was filed.

After defendant Price filed his motion to dismiss, Mr. Ross filed a second request to amend his complaint by interlineation, stating that he made an "error and need[s] to change . . . the year date from 1-28-02 to 1-28-03 and 2-14-02 to 2-14-03." He subsequently requested leave to file an amended complaint, stating that the events he complains of occurred in 2003, and that the assault occurred on February 15, 2003. He then filed a response to the motion to dismiss saying he had filed a request to amend his complaint to show "the correct dates of the

2

alleged civil rights violations took place," and that consequently, the statute of limitations had not expired in August 2004.

Usually a question of fact arises because the opposing parties present different versions of events, rather than because the plaintiff submits different versions of events. But when reviewing *pro se* complaints, courts must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the Plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994); *cert. denied*, 516 U.S. 862 (1995). "Ambiguities in complaints in federal court should be interpreted in favor of plaintiffs, not defendants." *Early v. Bankers life and Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992).

Construing the ambiguities in the various complaints the plaintiff has submitted in his favor would suggest the court should assume his complaint was timely. The question of when the operable facts occurred could then be resolved by the parties submitting documents showing when Mr. Ross was at the LaPorte County Jail.

If this court had jurisdiction, it would be inclined to conclude that the interests of justice would best be served by reopening this case and affording the parties time within which to submit documents showing when Mr. Ross was at the LaPorte County Jail. If he was there in February 2002, then the case is barred by the statute of limitations; if he was there in February 2003, then the complaint was timely.

For the foregoing reasons, this court alerts the court of appeals that if it remands this case for the purpose of ruling on the plaintiff's motion for relief from judgment it would grant that motion and reopen this case for the purpose of allowing the parties to submit documents showing when the plaintiff was at the LaPorte County Jail.

**IT IS SO ORDERED.**

**ENTERED**: March 13 , 2006


                         **S/ ALLEN SHARP**
                    _____
                    **ALLEN SHARP, JUDGE**
                    **UNITED STATES DISTRICT COURT**

4