```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

| | |
|---|---|
| **LERON ANTHONY ROSS, SR.,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | CAUSE NO. 3:04-CV-0550 AS |
| ) | |
| **MARK SWISTEK,** *et al.*,   ) | |
| ) | |
| **Defendants.**   ) | |

### *OPINION AND ORDER*

LaRon Ross, a prisoner currently confined at the Wabash Valley Correctional Facility, submitted the complaint in this case under 42 U.S.C. § 1983, asserting violation of his federally protected rights before he was committed to the Indiana Department of Correction. Mr. Ross amended his complaint by interlineation to change dates. The court dismissed this case, largely because of confusion as to what year the incidents the plaintiff complained of occurred. Subsequently, the court reopened this case in response to the plaintiff's motion for reconsideration. The defendants are Deputy Prosecutor Atley Price, Detective Mark Swisstek of the Michigan City Drug Task Force, and Jail officials, Thorpe, Logwood, and Jordan.

Defendant Atley Price has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting prosecutorial immunity. Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings may be granted if the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.

Mr. Ross attempted to amend his complaint after it was dismissed and on appeal, stating his claims against Mr. Price in more detail. But the court denied the motion to amend on March 10, 2006, because "a party cannot request leave to amend following a final judgment unless the judgment has been vacated." *Weiss v. Cooley*, 203 F.3d 1072, 1034 (7th Cir. 2000). Mr. Ross did not seek leave to amend his complaint after the judgment was vacated, so this case remains before the court on his original complaint as amended by interlineation.

Mr. Ross alleges in his complaint that he agreed to act as a confidential informant for the LaPorte Prosecutor's office and the Michigan City Drug Task Force. Mr. Ross provided information against at least two persons, Turner and Daniels, who were arrested and jailed. Mr. Ross states that he could not to continue to be a confidential informant because he had became generally known in the community as a confidential informant. He alleges that he was told that if he did not continue to provide information, he would be placed in jail with Turner and Daniels, the persons he had informed against and who therefore posed a threat to him.

Because his cover had been blown, Mr. Ross was unable to provide further information to Mr. Atley or the drug task force. He alleges that because of his failure some of the defendants had him placed him in jail with Turner and Daniels, who then stabbed and beat him. Mr. Ross alleges that "the next week when I appeared in court, Chief Prosecutor Atley Price told me 'I told you that, I'll keep my promise,'" giving rise to an inference that Mr. Price had been one of those

who communicated to him that he would be placed in jail with Turner and Daniels if he could not continue to provide useful information.

Mr. Price is a deputy prosecuting attorney and has absolute immunity for the initiation and pursuit of criminal prosecutions, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

Mr. Ross alleges that Deputy Prosecutor Atley Price threatened that if he didn't continue to provide information, Mr. Price would see that he was arrested and thrown in jail with people on whom he had already informed. When Mr. Ross could not continue to provide information, he alleges that he was in fact arrested and thrown in jail with two inmates on whom he had just informed. Those inmates almost immediately took advantage of the opportunity presented to them by attacking and severely injuring Mr. Ross. A week later, Mr. Ross states that Mr. Price saw him in person and stated "I told you that, I'll keep my promise," giving rise to an inference that Mr. Price had arranged for him to be placed in a position where his enemies could attack him.

"In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. at 431. But the action Mr. Ross alleges Mr. Price engaged in is not intimately associated the judicial phase of a criminal process, and has

3

nothing to do with presenting the state's criminal case against Mr. Ross. Prosecutorial immunity does not protect a prosecutor who has a person who is unable to continue to be a confidential informant placed in jail with people he has reason to believe will beat that person.

For the foregoing reasons, the court **DENIES** defendant Atley Price's motion for judgment on the pleadings [docket #89]. Atley Price remains as a defendant in this case.

**IT IS SO ORDERED.**

**ENTERED**: September 15 , 2006


                                      **S/ ALLEN SHARP**
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**