UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **LARON ANTHONY ROSS, JR.,** ) | |
| ) | |
| plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-cv-0550 AS |
| ) | |
| **MARK SWISTEK, THORPE,** ) | |
| **LOGWOOD, JORDAN, and** ) | |
| **ATLEY C. PRICE,** ) | |
| ) | |
| defendants. ) | |

*MEMORANDUM, OPINION AND ORDER*

LaRon Ross, a prisoner confined at the Wabash Valley Correctional Facility, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his federally protected rights before he was committed to the Indiana Department of Correction. He alleges that the defendants did not protect him from being attacked and injured by other inmates while he was confined at the LaPorte County Jail. On April 16, 2007, the plaintiff moved for summary judgment pursuant to FED R. CIV. P. 56.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions,

>answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
>> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

The scheduling order in this case established a summary judgment deadline of October 16, 2006. The plaintiff did not seek an enlargement of time within which to file a motion for summary judgment, and the time within which he could have filed a dispositive motion had long since passed by April 16, 2007, when he filed his motion. Accordingly, as a procedural matter, the plaintiff's summary judgment motion is untimely.

As a substantive matter, the plaintiff's motion for summary judgment is also deficient. The plaintiff's motion for summary judgment reads in its entirety as follows:

>Comes now Laron Ross, pro-se, pursuant to Fed. R. Civ. Pro R.50(a)(1); and R. 56(a) does hereby request summary judgment as a matter of law against all defendants with respect to the facts of the case, that there (sic) defenses can't win as a matter of law or cause doubts to a fact-finder that Ross is entitled to judgment as a matter of law.

The plaintiff submitted three separate memorandums supporting his motion for summary judgment; one memorandum dealing with defendant Atley Price (docket

#130), another dealing with County Jail Employees Thorpe, Logwood, and Jordan (docket # 131), and a third dealing with defendant Mark Swistek (docket #132).

Fed. R. Civ. P. 56 provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. at 322. The plaintiff's deposition and the materials submitted to the court by the defendants, however, establish that there are disputed issues of material fact that preclude the plaintiff from being entitled to judgment in his favor as a matter of law.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for summary judgment (docket #133).

**IT IS SO ORDERED.**

**ENTERED**: August 23, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**